# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv299

| | |
|---|---|
| CARLA HUTCHINSON HARDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTURE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Receive New and Material Evidence and Remand the Case [Doc. 14] and the Plaintiff's Motion for Summary Judgment [Doc. 16].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motions and to submit recommendations for their disposition.

On April 20, 2012, the Magistrate Judge filed a Memorandum and Order in which he ordered the Plaintiff's Motion to Receive New and Material Evidence and Remand the Case [Doc. 14] and her Motion for Summary Judgment stricken from the record and recommended that the case be dismissed without prejudice. [Doc. 18]. Both the Defendant and the Plaintiff

timely filed Partial Objections to that Memorandum and Order. [Doc. 19; Doc. 20].

## PROCEDURAL HISTORY

The Plaintiff initiated this action on November 7, 2011 seeking judicial review of the Defendant's final decision concerning her application for disability benefits. [Doc. 1]. On March 19, 2012, the Plaintiff moved for summary judgment. [Doc. 10].

On March 22, 2012, prior to the deadline for the Defendant to file his motion for summary judgment, the Magistrate Judge ordered that the Plaintiff's motion be stricken from the record, citing her attorney's failure to properly set forth the alleged errors of the Commissioner and to cite legal authority in support of her position. [Doc. 13]. The Magistrate Judge provided counsel with a twenty day period within which to submit a new motion properly supported by a memorandum of law. [Id.]. Counsel was warned by the Magistrate Judge that no extensions of the deadline would be granted. [Id.].

On April 11, 2012, the Plaintiff's attorney submitted a new Motion for Summary Judgment [Doc. 16] and Memorandum of Argument [Doc. 17]. On that same date, counsel also filed the Motion to Receive New and Material Evidence and Remand the Case. [Doc. 14]. By Order entered April 20, 2012, the Magistrate Judge struck both motions as well as the briefs, finding that

2

counsel still had failed to cite supporting legal authority. [Doc. 18]. Because counsel has engaged in the same conduct in five different social security cases pending before this Court, the Magistrate Judge recommended that this action be dismissed without prejudice. [Id.]. He also recommended that the Plaintiff not be allowed to bring another action until the Defendant has been reimbursed by the Plaintiff, or her attorney, for reasonable expenses, including attorney's fees. [Id.]. As previously noted, both parties timely filed partial objections.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a de novo standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, de novo review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be

specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

Where a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, de novo review is not warranted. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997) (claims cannot be raised for the first time in objections to a memorandum and recommendation).

**DISCUSSION**

It is first noted that the Magistrate Judge's Order striking the Motion for

4

Summary Judgment and the Motion to Receive New and Material Evidence and Remand the Case is not before this Court for review because neither party objected to his Order. 28 U.S.C. §636(b)(1)(A); Fed.R.Civ. P. 72(a). The parties' Objections are limited to the Magistrate Judge's recommendation that the action be dismissed without prejudice. As a result, the Plaintiff's Motion for Summary Judgment and her Motion to Receive New and Material Evidence and Remand the Case are stricken and no such motions remain pending before the Court.

The Defendant respectfully disagrees with the Magistrate Judge's recommendation that the case be dismissed without prejudice because 42 U.S.C. §405(g) requires that an action seeking judicial review of a social security ruling must be filed within sixty days of the Commissioner's final decision. Dismissal, the Defendant argues, would preclude the Plaintiff's ability to obtain judicial review because any new complaint would, of necessity, be filed outside that sixty day deadline. It is correct that the dismissal without prejudice of a complaint seeking review of a social security decision will preclude a plaintiff from bringing another action because the sixty day deadline will have passed. Boniella v. Commissioner Social Security, 317 F. App'x. 268 (3rd Cir. 2009); Christides v. Astrue, 2010 WL 5387596 (M.D.Fla. 2010) (citing and quoting Bost v. Fed. Express Corp., 372 F.3d 1233, 1242

5

(11th Cir. 2004)) ("Dismissal of a complaint without prejudice does not allow a later complaint to be filed outside the statute of limitations."). The sixty day time period contained in §405(g) is a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); Cleaton v. Secretary, Dept. of Health and Human Services, 815 F.2d 295 (4th Cir. 1987). The Defendant is thus correct that the dismissal of the Plaintiff's Complaint without prejudice will defeat her ability to obtain judicial review.[1]

The Magistrate Judge recommended dismissal of the action without prejudice as a sanction against counsel for his misconduct before the Court. The issue then is whether to "visit the sins" of the attorney on the client. Clearly, the omissions at issue are those of the attorney, not his client. Frank v. Apfel, 245 F.3d 791 (5th Cir. 2000). The Plaintiff's attorney has failed to comply with the Magistrate Judge's directive and indeed, has admitted as much in his Partial Objection. [Doc. 20]. Counsel candidly admits that he did not provide an adequate brief in support of the motion because the Magistrate Judge provided him with such a short time within which to do so. [Id.]. The "claimant herself appears to be an innocent party to her attorney's conduct. [Her] attorney's failure to comply with [the Magistrate Judge's] order does not

---

[1]There is a doctrine of equitable tolling which may be applied in appropriate circumstances but that issue is not before the Court. Bowen, 476 U.S. at 481-82.

6

constitute grounds" to dismiss the action. Frank, supra.; Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188 (5th Cir. 1992). There are less severe sanctions which will adequately address counsel's conduct while leaving the Plaintiff with the ability to obtain judicial review. Pearce v. Apfel, 205 F.3d 1341 (6th Cir. 2000).

> The availability of less severe alternatives is an indispensable consideration since [Courts are] "extremely reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of [her] day in court."

Id. at **3 (quoting J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp., 542 F.2d 1318, 1324 (7th Cir. 1976). The Magistrate Judge's recommendation that this action be dismissed without prejudice is therefore not adopted.

The Defendant does not contend that he has been prejudiced by counsel's conduct; indeed, the Defendant seeks a stay of the action so that the Plaintiff may obtain a new attorney. Pearce, 205 F.3d 1341 at **3-4. The issue, then, is whether the Plaintiff's attorney should be sanctioned for his failure to comply with the Magistrate Judge's Order.

District courts have inherent power to issue sanctions, a power which is not governed by rules of procedure or statutes but by the control vested in courts to manage their affairs in such a way as to efficiently dispose of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); 28 U.S.C. §1651.

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax [sanctions] against a party who has litigated in bad faith, it may certainly assess [sanctions] against counsel who willfully abuse judicial processes.

In re Crescent City Estates, LLC, 588 F.3d 822, 831 (4th Cir.), cert. denied __ U.S. ___, 130 S.Ct. 3278, 176 L.Ed.2d 1184 (2010) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

The Plaintiff's attorney has been afforded an opportunity to respond to the Magistrate Judge's Recommendation and has filed a Partial Objection. He has not, however, made any response to the Defendant's suggestion that the case be stayed for ninety days while the Plaintiff is provided an opportunity to obtain new counsel. This portion of the Defendant's objection is therefore construed as a motion to disqualify Plaintiff's counsel[2] and both the Plaintiff and her attorney should be provided an opportunity to respond. Plaintiff's counsel is cautioned, however, that in the event he seeks to remain in this action, he must file an affidavit from his client stating in substance that the client has been informed of the proceedings and the orders of this Court and that notwithstanding Plaintiff's counsel's failures to abide by the directives

---

[2] There is no need to stay these proceedings because the only motion pending is the one the Court is construing as a motion to disqualify.

of this Court that the Plaintiff desires for her counsel to continue to represent her in this matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Partial Objection is hereby construed as a Motion to Disqualify the Plaintiff's attorney and on or before fifteen (15) days from entry of this Order, the Defendant shall file a Memorandum of Law in support of such motion.

**IT IS FURTHER ORDERED** that on or before fifteen (15) days from the filing of the Defendant's Memorandum of Law, the Plaintiff shall file response to the Defendant's Motion to Disqualify counsel. Failure to file response will result in the disqualification of the Plaintiff's attorney.

Signed: May 29, 2012

Martin Reidinger
United States District Judge