IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv299

| | |
|---|---|
| CARLA HUTCHINSON HARDY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>) <br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. )<br>_____ ) | **ORDER and<br>MEMORANDUM AND<br>RECOMMENDATION** |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record, Plaintiff's Motion for Summary Judgment [# 29], and the Commissioner's Motion for Summary Judgment [# 33]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 33], **DENY** the Plaintiff's Motion for Summary Judgment [# 28], and **AFFIRM** the Commissioner's decision.

    **I.**    **Procedural History**

    **A.**    **Plaintiff's Applications for Disability Benefits**

-1-

Plaintiff filed an application for disability benefits on May 8, 2009. (Transcript of Administrative Record ("T.") 75.) Plaintiff alleged that she became disabled beginning December 26, 2008. (T. 75) The Social Security Administration denied Plaintiff's claim, finding that she was not disabled. (T. 59-62.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 67-70.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 26-56.) The ALJ issued a decision finding that Plaintiff was not disabled. (T. 10-19.) The Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

### B. Plaintiff's Litigation History in this Court

After Plaintiff filed her briefs in this case, the Court struck Plaintiff's Motion for Summary Judgment [# 16] and Memorandum in Support of Motion for Summary Judgment [# 17] from the record as the result of counsel's flagrant and intentional disregard of an Order of this Court. (Order, Apr. 20, 2012.) This was the second Motion for Summary Judgment filed by counsel that the Court struck from the record in this case. In addition, the Court struck similar briefs in other cases in which counsel was involved. The second Motion for Summary Judgment was filed in response to a Court Order specifically directing Plaintiff to submit a

-2-

new brief to this Court that was supported by legal authority. Counsel, however, flagrantly and intentionally disregarded this Court's Order by submitting a second memorandum that was virtually identical to the prior one. As the Court previously explained:

> Plaintiff's brief, however, is virtually identical to the prior brief that the Court struck. The only recognizable changes are that Plaintiff: (1) altered the first sentence to recognize that the motion was filed in response to the Court's March 22, 2012, Order; and (2) added the "citation" "See, 20 C.F.R. § 404.1527(d), which describes the weight that should be given to the opinions of treating physicians, such as Dr. Englebrecht and Dr. Kahn." (Pl.'s Mem. Supp. Mot. Summ. J. at p. 10.) The entire legal analysis still fails to cite the Court to a single case from any jurisdiction supporting Plaintiff's legal argument.

(Order, Apr. 20, 2012.) The Court then found that the conduct of counsel constituted an abuse of the judicial process and that sanctions were warranted. (Id.)

Counsel for Plaintiff then moved the Court to allow him an opportunity to file a third Motion for Summary Judgment that complied with the Court's prior Order. Plaintiff did not request leave to re-file his Motion to Receive New and Material Evidence and Remand Case. Subsequently, the Court granted counsel leave to file a third Motion for Summary Judgment contingent upon counsel personally paying a sanction of $500.00 into the registry of the Court as a sanction for his prior conduct. (Order, July 9, 2012.) The Court found that requiring

-3-

counsel to pay this fine was an appropriate sanction and would not prejudice his client, who after being informed of counsel's prior failure to comply with the Court's Orders, wanted to have counsel continue to represent her in this matter. (Id.)  Moreover, the Court found that $500.00 was an appropriate amount to sanction counsel for his conduct but was not so great as to constitute a de facto dismissal of this case or impose too large of a burden on counsel. (Id.)

On July 18, 2012, the Clerk of Court received a $500.00 sanction from counsel.  Consistent with the Court's prior Order, counsel had twenty days from the date of payment to file a new Summary Judgment motion.  As the Court previously explained, "[s]uch motion is limited to the issues raised in the prior motions, and the Court will disregard any legal argument that is not supported by citations to relevant legal authority and contains legal analysis as to how such authority supports the result sought by Plaintiff.  A simple recitation of the facts in the record without any legal analysis or legal authority will not suffice.  If counsel re-files a virtually identical brief for a second time, the Court will strike the briefs and consider holding counsel in contempt of court."  (Order, July 9, 2012.)  Subsequently, Plaintiff filed a new Motion for Summary Judgment and a new Motion to Receive New and Material Evidence and Remand Case.  Plaintiff's third motions are now before this Court for a Memorandum and Recommendation to the

District Court.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and

416.920(a).

## III. The ALJ's Decision

In her December 10, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 19.) The ALJ made the following specific findings:

(1)   The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

(2)   The claimant has not engaged in substantial gainful activity since November 1, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3)   The claimant has the following severe impairments: migraine headaches with benign intracranial hypertension (20 CFR 404.1520(c)).

(4)   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 416.926).

(5)   After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). She has the light work capacity of lifting twenty pounds occasionally and ten pounds frequently and sitting for six of eight hours, walking for six of eight hours, and standing for six of eight hours. The claimant must avoid moderate exposure to noises. The claimant must avoid concentrated exposure to fumes, dust, odors, gases, and vibration.

(6)   The claimant is capable of performing past relevant work as a cashier. This work does not require the performance of work-

-6-

>       related activities precluded by the claimant's residual functional
>       capacity (20 CFR 404.1565).
>
> (7)   The claimant has not been under a disability, as defined in the
>       Social Security Act, from November 1, 2008, through the date
>       of this decision (20 CFR 404.1520(f)).

(T. 10-19.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported

by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

V.  **Analysis**[1]

A.  **The Motion to Receive New and Material Evidence is Not Properly before the Court.**

Previously, the Court struck from the record two prior Motions to Receive New and Material Evidence. Although the Court granted Plaintiff leave to file a third Motion for Summary Judgment upon the payment of a sanction, the Court granted Plaintiff no such leave regarding the Motion to Receive New and Material Evidence. Moreover, Plaintiff did not even request leave to re-file his Motion to Receive New and Material Evidence in the Joint Motion and Stipulation [# 23] she filed with the Court. Accordingly, the Court **STRIKES** the Motion to Receive New and Material Evidence [# 27].

Even if the Court had allowed Plaintiff leave to file such a motion, however, the Court would still strike the motion from the record as Plaintiff failed to comply with the prior Orders of this Court and include in her legal memorandum supporting the motion the legal standard governing whether this Court can receive and consider new evidence or offer any legal argument as to how the proposed new

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

-8-

Case 1:11-cv-00299-MR-DLH   Document 35   Filed 01/04/13   Page 8 of 18

evidence satisfies such a standard.  The brief is simply a summary of the new evidence Plaintiff hopes to submit to this Court for the first time.  Despite numerous instructions from this Court, counsel still refuses to comply with Orders of this Court and submit legal briefs that are supported by relevant legal authority, contain a discussion of the relevant legal standard, and apply this legal standard to the facts of this particular case.

The Court **DIRECTS** the Clerk to **STRIKE** the Motion to Receive New and Material Evidence [# 27] and the attached materials from the record.  The Court also **DIRECTS** the Clerk to **STRIKE** the Memorandum in Support of Motion to Receive New and Material Evidence [# 28] from the record.

### B.     Plaintiff's Motion for Summary Judgment

1.     Plaintiff has waived all but two alleged errors.

The ongoing efforts of this Court to require counsel for Plaintiff to perform his role as a member of the bar in a professional manner in social security cases is well documented.  The Court first warned counsel for Plaintiff that he must separately set forth each alleged error and provide supporting legal authority for each alleged error in his briefs in early 2012.  See e.g. Pyles v. Astrue, No. 1:11cv116, slip op. at 6-7, n.2 (W.D.N.C. Mar. 19, 2012.).  Despite the fact that this Court has stricken numerous briefs from the record, disregarded various

arguments made by counsel in other social security cases for failing to comply with Court Orders, warned counsel in countless Orders, and even sanctioned counsel with monetary sanctions, counsel still refuses to comply with the Court's Orders and continues to waste the time of this Court and the Commissioner by simply throwing briefs together with no attention paid to the Court's prior instructions, the actual legal arguments presented, or the relevant case law. Instead of separately setting forth each alleged error, counsel has set forth two subsections in his brief that contain numerous alleged errors. Accordingly, the Court has disregarded all but two of the arguments submitted by Plaintiff: that the ALJ failed to properly evaluate the medical opinion of Dr. Deborah Barnett and that the ALJ failed to properly evaluate Plaintiff's credibility. To the extent that Plaintiff has attempted to weave various other arguments into these two alleged errors, the Court deems such arguments waived for failure to comply with the Court's numerous prior Orders.

    2.  The ALJ's credibility determination is supported by substantial evidence.

Plaintiff contends that the ALJ erred in evaluating Plaintiff's subjective complaints of pain. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the

proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that it could reasonably be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This

-11-

evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of the claimant's pain and symptoms; (3) factors that predicate or aggravate the claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any treatment other than medication that claimant received to alleviate the pain or symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any other factors concerning claimant's functional imitations and restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); see also Aytch, 686 F. Supp. 2d at 605.

 Here, the ALJ applied this two step process in assessing Plaintiff's statements regarding her symptoms. The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 14-27.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence

and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 17.) Although Plaintiff contends that the ALJ only addresses Plaintiff's alleged symptoms of pain by stating this form provision in the opinion, such a statement is plainly contradicted by the ALJ's decision and is patently frivolous. In fact, the Court questions how any attorney who read the ALJ's decision could make such an argument in federal court as the decision plainly and clearly contains more than this "form provision." This contention by Plaintiff is another example of how counsel seeks to waste the time of this Court and the Commissioner with frivolous arguments that are unsupported by the record. Here, the ALJ set forth an exhaustive discussion of Plaintiff's alleged symptoms, the objective medical evidence in the record, and her reasons for finding Plaintiff's testimony not fully credible. (T. 14-17.) There is simply no merit to Plaintiff's contention to the contrary.

Upon a review of the medical records and the transcript of the hearing, the Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. See SSR 96-7p. Because it is clear from the record that the ALJ

applied the correct legal standard in assessing Plaintiff's credibility, and the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record, the Court finds that remand is not required in this case.

   3.  The ALJ did not err in weighing the opinion of Dr. Barnett.

Shortly after the administrative hearing, Plaintiff saw Dr. Barnett for a "psychological assessment in connection with her application for Social Security Disability Benefits." (T. 421.) Dr. Barnett found that Plaintiff suffered from Major Depressive Disorder, Severe without Psychotic Features and Posttraumatic Stress Disorder. (T. 424.) Dr. Barnett also opined that Plaintiff:

> appears to have marked impairment in social functioning and activities of daily living, including significant declines in concentration, persistence, and pace. Considering [Plaintiff's] depression, combined with her headaches and additional physical ailments, it does not seem likely that [Plaintiff] would be able to meet the typical demands of employment at this time.

(T. 424.)

The ALJ specifically considered the opinion of Dr. Barnett and determined that it was not entitled to any weight because it was inconsistent with the entire medical record. (T. 16.). Specifically, the ALJ found that:

> In terms of the claimant's alleged depression, the psychological evaluation of consultant Deborah Barnett, Ph.D (15F) is an anomaly within the record as a whole. Although Dr. Barnett found broad,

> disabling limitations based on alleged major depression and post-traumatic stress disorder, the claimant's treatment records have been devoid of such prominent findings. In fact, the claimant's primary care records repeatedly note no depression, anxiety, or agitation (e.g., 14F/39, 42, 47). The claimant has sought no mental health care treatment and has not consistently reported low mood or crying spells to her primary care physician or neurologist. As noted above, both the claimant and her friend noted that she got along well with authority and had never lost a job due to difficulty with others (7E, 8E). The claimant is able to attend church occasionally, and she is able to live with her friend in an apparently functional relationship, with no evidence to the contrary. Additionally, as noted above, the claimant did well on her cognitive screening exam by her neurologist (13F/18).

(T. 16-17.) Substantial evidence in the record supports the conclusion of the ALJ to not assign any weight to the opinion of Dr. Barnett because, as the ALJ described in detail, the opinion was contradicted by the evidence in the record. In fact, it is not entirely clear from Plaintiff's assignment of error exactly what she contends that the ALJ did improperly in weighing the testimony of Dr. Barnett that requires remand.[2]

Finally, the ALJ did not err in failing to undertake her duty to fully develop the record. Plaintiff was not proceeding *pro se* at the administrative hearing, see Smith v. Astrue, 2:11cv25, 2012 WL 3191296 (W.D.N.C. Jul. 3, 2012) (Keesler, Mag. J.) (addressing different standards for developing the record where a claimant proceeds *pro se* and is represented at the administrative hearing), and Plaintiff's

---

2  To the extent that Plaintiff contends that new and material evidence lends credence to the opinion of Dr. Barnett, the Court has stricken Plaintiff's motion to allow new evidence and the attached documents from the record and disregarded any such argument contained in Plaintiff's Motion for Summary Judgment.

representative informed the ALJ that the record was complete. (T. 28.) It is only the role of the ALJ "to develop a reasonably complete record," not to act as Plaintiff's counsel. See Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994); Perry v. Astrue, No. 3:10-cv-01248, 2011 WL 5006505 (S.D. W. Va. Oct. 20, 2011). Here, the ALJ adequately developed the record and there was no gap in the evidence, inconsistency, or ambiguity in the record that needed clarification. See Ferrell v. Astrue, No. 3:11-cv-00503, 2012 WL 4378121 (S.D. W. Va. Jun. 22, 2012). The record contained sufficient evidence for the ALJ to make an informed decision. Moreover, Plaintiff's representative may not rest on the record and then later attack the ALJ for failing to perform a more exhaustive investigation. Maes v. Astrue, 522 F.3d 1093, 1097 (10th Cir. 2008); Perry, 2011 WL 5006505. Accordingly, the Court finds Plaintiff's contention that the ALJ erred in weighing the opinion of Dr. Barnett to be without merit. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's motion [# 33].

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 33], **DENY** Plaintiff's Motion for Summary Judgment [# 28], and **AFFIRM** the Commissioner's decision. In addition, the Court **DIRECTS** the Clerk to **STRIKE** the Motion to Receive New

and Material Evidence [# 27] and the attached materials from the record.  The Court also **DIRECTS** the Clerk to **STRIKE** the Memorandum in Support of Motion to Receive New and Material Evidence [# 28] from the record.

Signed: January 4, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).