# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:11cv299

| | |
|---|---|
| CARLA HUTCHINSON HARDY,     ) | |
|                      ) | |
|       Plaintiff,        ) | |
|                      ) | |
|       vs.          ) | **O R D E R** |
|                      ) | |
| MICHAEL J. ASTURE,    ) | |
| Commissioner of Social Security,  ) | |
|                      ) | |
|       Defendant.      ) | |
| _____) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 29], the Defendant's Motion for Summary Judgment [Doc. 33] and the Plaintiff's Motion to Receive New and Material Evidence and Remand the Case [Doc. 38].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the pending summary judgment motions and to submit to this Court a recommendation for their disposition. On January 4, 2013, the Magistrate Judge filed an Order and Memorandum and Recommendation [Doc. 35] in which he recommended that the Plaintiff's

Motion for Summary Judgment be denied; the Defendant's Motion for Summary Judgment be granted and the Commissioner's decision be affirmed. [Id.]. The parties were advised of the time within which any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed. The Plaintiff timely filed Objections to the Memorandum and Recommendation. [Doc. 36].

After entry by the Magistrate Judge of his Memorandum and Recommendation, Plaintiff's counsel filed a Motion to Receive New and Material Evidence. [Doc. 37]. The Defendant has combined his response to this motion with his Reply to the Plaintiff's Objections. [Doc. 40].

## PROCEDURAL HISTORY

The Plaintiff initiated this action on November 7, 2011 seeking judicial review of the Defendant's final decision concerning her application for disability benefits filed May 4, 2009. [Doc. 1]. On March 19, 2012, the Plaintiff filed a Motion to Receive New and Material Evidence and Remand the Case [Doc. 10] and a Motion for Summary Judgment. [Doc. 11]. On March 22, 2011, the Magistrate Judge ordered that the Plaintiff's motions be stricken from the record. [Doc. 13]. The Magistrate Judge noted that counsel had failed to file a supporting brief in connection with the Motion to

Receive New and Material Evidence and Remand the Case. [Id. at 1]. It was thus in violation of the local rules requiring the same. [Id.]. See Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina (Local Rules), L.Cv.R. 7.1(C). The Magistrate Judge also cited the failure of Plaintiff's counsel to properly set forth the alleged errors of the Commissioner and to cite legal authority in support of her position seeking summary judgment. [Doc. 13]. The Magistrate Judge provided counsel with a twenty day period within which to submit a new motion for summary judgment properly supported by a memorandum of law. [Id.]. Counsel was warned by the Magistrate Judge that "any portion of the brief [in support of summary judgment] that is not supported by citations to legal authority" would be disregarded and that no extensions of the deadline would be granted. [Id. at 2].

On April 11, 2012, the Plaintiff's attorney submitted a new Motion to Receive New and Material Evidence and Remand Case [Doc. 14], a Memorandum in support of that motion [Doc. 15], a new Motion for Summary Judgment [Doc. 16] and a Memorandum of Argument [Doc. 17]. By Order entered April 20, 2012, the Magistrate Judge ordered that both motions as well as the briefs be stricken, finding that counsel again had

failed to cite supporting legal authority. [Doc. 18]. Because counsel had engaged in the same conduct in five different social security cases pending before this Court, the Magistrate Judge recommended that this action be dismissed without prejudice. [Id.]. He also recommended that the Plaintiff not be allowed to bring another action until the Defendant has been reimbursed by the Plaintiff, or her attorney, for reasonable expenses, including attorney's fees. [Id.].

The Defendant filed a partial objection to the Magistrate Judge's recommendation that the action be dismissed, requesting instead that Plaintiff's counsel be disqualified and the Plaintiff be provided a ninety-day period within which obtain new counsel. [Doc. 19]. The Plaintiff filed a Partial Objection, in essence joining in the Defendant's position. [Doc. 20].

On May 30, 2012, this Court ruled that the Magistrate Judge's Order striking the Motion for Summary Judgment and the Motion to Receive New and Material Evidence and Remand the Case was not before it for review because neither party had objected to his Order. 28 U.S.C. §636(b)(1)(A); Fed.R.Civ. P. 72(a). The parties' Objections, therefore, were limited to the Magistrate Judge's recommendation that the action be dismissed without prejudice. The Court thus noted that the Plaintiff's Motion for Summary

Judgment and her Motion to Receive New and Material Evidence and Remand the Case were stricken and no such motions were pending before the Court.

The Court construed the Defendant's Partial Objection as a motion to disqualify counsel and provided the Defendant with an opportunity to submit a memorandum in support thereof. [Doc. 21]. The Court also provided the Plaintiff's counsel with an opportunity to oppose the motion but cautioned counsel that in the event he sought to remain in the action, he must file an affidavit from his client stating that she had been informed of the proceedings and the orders of this Court but nonetheless desired that he continue as counsel. [Id.]. The Parties thereafter submitted a Joint Motion and Stipulation pursuant to which the Plaintiff's counsel would not be disqualified and would be provided an additional opportunity to file a properly supported motion for summary judgment. [Doc. 23]. Plaintiff's counsel also filed the Plaintiff's affidavit in which she stated that, having been advised of the proceedings and the Court's rulings herein, she desired that counsel continue to represent her. [Doc. 23-1].

On July 9, 2012, the Magistrate Judge entered an Order in which he denied the motion to disqualify but sanctioned Plaintiff's counsel in the sum

of $500.00 due to his failure to abide by the Court's previous instructions. [Doc. 25]. The Plaintiff's counsel was provided with yet another opportunity to properly file a motion for summary judgment. [Id.]. Leave to make other filings was neither sought nor granted. [Id.]. It is undisputed that counsel has paid the sanction fee.

On August 7, 2012, the Plaintiff filed a Motion to Receive New and Material Evidence and Remand Case [Doc. 27] and a Motion for Summary Judgment [Doc. 29]. The Defendant cross-filed a Motion for Summary Judgment on September 27, 2012.

By Order entered January 4, 2013, the Magistrate Judge struck the Motion to Receive New and Material Evidence and Remand Case [Doc. 27] because the Plaintiff had not received leave to make any such filing. [Doc. 35 at 8-9]. In addition, Plaintiff's counsel failed to include in the memorandum supporting the motion any legal argument or standard applicable to a motion to receive new evidence. [Id.]. Noting that counsel had been repeatedly cautioned to include legal argument and supporting case law, the Magistrate Judge refused to consider the motion. [Id.]. The Magistrate Judge also considered the Plaintiff's Motion for Summary Judgment, recommending that it be denied and that the Defendant's Motion

for Summary Judgment be granted.

The Court will now consider the Order and Memorandum and Recommendation and the Plaintiff's Objections thereto.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review under a *de novo* standard the proposed factual findings or legal conclusions of the Magistrate Judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

**The Motion to Receive New and Material Evidence and Remand Case.**

Although not artfully pled, the Court will construe the Objections as containing a request for reconsideration of the Magistrate Judge's decision to strike the Motion to Receive New and Material Evidence and Remand Case.[1] [Doc. 36 at 2]. Pursuant to Federal Rule of Civil Procedure 72, this Court may modify or set aside the Magistrate Judge's ruling on a nondispositive matter only if it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). A ruling is clearly erroneous if a reviewing court is "left with the definite and firm conviction that a mistake has been committed." United States v. DeSilva, 613 F.3d 352, 356 (2d Cir. 2010); United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007) (internal quotation and citation omitted); High Voltage Beverages, LLC v. Coca-Cola Co., 2010 WL 2342458 (W.D.N.C. 2010).

On two prior occasions, the Plaintiff filed motions to receive new

---

[1] After entry of the Magistrate Judge's Order, the Plaintiff filed another such motion. [Doc. 38]. In the Objections, counsel has explained that this document is not actually a separate motion but merely a copy of the previously stricken motion. [Doc. 36 at 4]. Counsel filed it again because he was under the mistaken belief that because the prior motion had been stricken, this Court could not review its contents. [Id.].

evidence. [Doc. 10, Doc. 14]. The first motion was stricken because counsel failed to comply with the requirement of Local Rule 7.1(C) to submit a separate memorandum of law. [Doc. 13]. The second motion was stricken because, although Plaintiff's counsel filed a document styled as a memorandum, he failed to provide therein any citation to or discussion of the legal standard applicable to the consideration of new evidence and argument as to the manner in which the purported new evidence satisfies that standard. [Doc. 18].

The Plaintiff's third such motion suffered from the same deficiency as the second: counsel failed to provide a supporting memorandum containing the legal standard applicable to the consideration of new evidence and argument as to the manner in which the purported new evidence satisfies that standard. [Doc. 27; Doc. 28]. Noting the continued failure to comply with court directives, the Magistrate Judge struck that motion as well. [Doc. 35 at 8-9].

This Court's review of that motion discloses that it is exactly as described by the Magistrate Judge: a summary of the purportedly new evidence without any citation to legal authority for the appropriate standard to be applied to new evidence or discussion of how such standard applies

to this evidence.[2]   [Doc. 27; Doc. 28].   This Court cannot find that the Magistrate Judge's treatment of the Plaintiff's persistent failure to follow instructions is clearly erroneous or contrary to law.[3]   IJFC Properties, LLC v. APA Marketing, Inc., 850 F.Supp.2d 604, 611-12 (M.D.N.C. 2012) (Magistrate Judge's order striking brief for exceeding page limit upheld as brief failed to comply with local rules); Erie Ins. Exchange v. Clover, 2000 WL 1456334 (W.D.Va. 2000) (Magistrate Judge's order striking pleading for failure to conform to court's parameters not clearly erroneous or contrary to law).

On January 19, 2013, the Plaintiff's counsel filed the same pleading which had been previously filed on August 7, 2012 (Document 27) because he erroneously believed that the Court could not review a document which had been stricken from the record.   That pleading, therefore, is not an actual motion seeking new relief but merely a copy of the document as to

---

[2] The Plaintiff's counsel cursorily cited Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), in closing the brief.  [Doc. 39 at 7].  That case, in which the Fourth Circuit considered the failure of an appeals council to consider new evidence received as part of the record, has no application to the issue here.  Counsel also made a passing reference to Thomas v. Commissioner, 24 Fed. App'x. 158 (4th Cir. 2001).  [Doc. 38 at 3].  That case likewise does not address the point of law at issue.

[3] As will be noted below, even if the purportedly new evidence were considered, the Plaintiff's case would fare no better.  The Court therefore declines to consider whether striking the motion constitutes an involuntary dismissal of the case.  See Kiobel v. Millson, 592 F.3d 78, 100 n.11 (2nd Cir. 2010).

which the Plaintiff sought review. To the extent that the pleading filed as Document 38 may be considered a motion, it is denied as moot.

It is worth noting, in the interests of finality, that even if the Court were to consider the motion, it would not be granted. A reviewing court may remand a social security case on the basis of new evidence only if four requirements are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material in the sense that the decision might have been different had it been before the Commissioner; (3) there is good cause for the claimant's failure to place the evidence before the Commissioner at the time of the decision; and (4) the claimant makes a general showing of the new evidence. <u>Miller v. Barnhart</u>, 64 Fed. App'x. 858, 859-60 (4th Cir. 2003). Here, the Plaintiff claims that three pieces of evidence are new and material.

She first notes that she was subsequently allowed disability benefits on July 24, 2012 with an onset date of June 1, 2011. That decision, however, is not relevant to the determination of the Plaintiff's disability as of December 2008, the onset date at issue in this application. <u>Id</u>. (evidence must be relevant to the determination of disability at the time the application

was first filed); <u>McDaniel v. Astrue</u>, 2010 WL 3211050 **10 (W.D.N.C. 2010).

The second piece of evidence proffered by the Plaintiff is a 2010 decision by the North Carolina Department of Health and Human Services that the Plaintiff was entitled to disabled Medicaid benefits. This decision predates the ALJ's final decision in this case on September 12, 2011. The Plaintiff, however, has not in any manner shown why this decision was not previously submitted. <u>Miller</u>, 64 Fed. App'x. at 859-60 (there must be good cause for failing to submit the evidence when the claim was before the commissioner); <u>Cannon v. Astrue</u>, 2011 WL 6842990 (E.D.N.C. 2011).

Finally, the Plaintiff claims that an October 2011 opinion from Dr. Carolyn Conroy that she was unable to work should be received as new evidence. Again, this relates to a time outside the relevant period alleged in the application under consideration. <u>Miller</u>, 64 Fed. App'x. at 859-60. Furthermore, the Plaintiff has failed to show in what manner this evidence would have caused the Commissioner's decision to have been different. <u>Id</u>.

Thus, while the Court does not find that the Magistrate Judge erred by refusing to consider the unsupported motion, the Plaintiff was not

entitled to the relief sought in any event.

**Objections to the Memorandum and Recommendation.**

At the outset of his objection to the Memorandum and Recommendation Plaintiff's counsel exhibits that he does not understand the standard that must be met by such objection. The Plaintiff first claims that the *Administrative Law Judge* (ALJ) erred by improperly disregarding the psychological assessment of Dr. Barnett, "as described specifically in pages 4 through 9 of the brief in support of our Motion for Summary Judgment, which included applicable case law and also discussed the effect on that proposition of error of the new and material evidence above referred to." [Doc. 36 at 7]. This statement in no manner asserts any error on the part of the *Magistrate Judge* in considering the cross-motions for summary judgment.

> Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's <u>objection to a magistrate judge's report be specific and particularized</u>, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*

<u>United States v. Midgette</u>, 478 F.3d 616, 621 (4th Cir.), <u>cert. denied</u> 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (italics in original; other

emphasis added).

In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation [of the Magistrate Judge] on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622 (emphasis provided). Having failed to object to a finding or recommendation of the Magistrate Judge the Court must reject the Plaintiff's Objection.

Moreover, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. The objection is also rejected on this ground.

The Plaintiff's second objection suffers from the same infirmities. She claims that the ALJ failed to properly evaluate the Plaintiff's evidence of pain. The Plaintiff does not cite to any error of the Magistrate Judge and, again, cites this Court to the brief filed in support her summary judgment motion. For the reasons stated above, the Court also rejects this

Objection.

## THE CONDUCT OF PLAINTIFF'S COUNSEL

At issue in this case is the repeated failure of Plaintiff's counsel, V. Lamar Gudger, III to comply with the Court's orders which contained instructions requiring him to file a properly supported motion. As noted above, the standard to be applied to the consideration of new and material evidence is well established in this Circuit. Despite directives to file a proper memorandum of law in support of the motion to receive new evidence, counsel on three separate occasions filed a document which amounted to nothing more than a summary of the evidence. While in this case, Plaintiff was not harmed by counsel's inability to take direction from the Court, the same may not be true as to other existing or future clients. In re Snyder, 472 U.S. 634, 643, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985) (lawyers are officers of the court and must conduct themselves in accordance with standards of professional conduct because they serve as instruments to advance the ends of justice). This concern is heightened by counsel's apparent obstinate resistance to assuming responsibility for his own failings, as seen by his accusations that the Magistrate Judge is "angry" with counsel and that there is "obvious tension" between counsel

and the Magistrate Judge. [Doc. 36 at 4, 8]. The Court does not observe any anger or tension on the part of the Magistrate Judge to be manifested in the Memorandum and Recommendation. On the contrary, the Court reads the Memorandum and Recommendation as a plaintive plea by the Magistrate Judge that counsel abide by the rules and represent his clients in a lawyerly manner. The record in this case shows that counsel has clearly done neither. It should also be noted that counsel's filings in this Court are essentially the same in every case, changing the names but little else, regardless of the issues or facts at hand, and almost never citing to any authority to support the propositions advocated.

District courts have inherent power to issue sanctions, a power which is not governed by rules of procedure or statutes but by the control vested in courts to manage their affairs in such a way as to efficiently dispose of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc., ___ F.Supp.2d ___, 2012 WL 6540072 (E.D.Va. 2012) (this inherent power allows courts to sanction attorneys who inhibit the court's ability to manage its cases).

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax [sanctions]

16

against a party who has litigated in bad faith, it may certainly assess [sanctions] against counsel who willfully abuse judicial processes.

In re Crescent City Estates, LLC, 588 F.3d 822, 831 (4th Cir.), cert. denied __U.S. __, 130 S.Ct. 3278, 176 L.Ed.2d 1184 (2010) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)).

The Court finds that Attorney Gudger's repeated refusal, despite explicit warnings, to research and cite the appropriate legal standards constitutes a willful and bad faith failure to follow the Court's orders to file appropriately supported memoranda of law. Id.; Suntrust Mortgage, Inc. v. AIG United Guarantee Corp., 2011 WL 1225989 (E.D.Va.), affirmed Fed. App'x.___, 2013 WL 388040 (4th Cir. 2013) (clear and convincing evidence of willful and bad faith failure to follow court instructions). Counsel has completely failed to exercise legal judgment, despite being instructed to do so. Crescent City, 588 F.3d at 830 (noting distinction between sanction based on attorney's exercise of legal judgment and sanction for other malfeasance). Such repeated failure, which is clearly willful and in bad faith in the face of instructions to act otherwise, will sooner or later negatively impact future clients. In re Jemsek Clinic, P.A.,

441 B.R. 756, 786-87 (W.D.N.C. 2010) (bad faith is shown by delaying or disrupting litigation or hampering a court order) (citing In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008)). "The North Carolina State Bar Rules of Professional Conduct require attorneys to render competent representation, which includes thoroughness and preparation." In re Monroe, 2011 WL 6010280 (Bkr.E.D.N.C. 2011). The failure to present properly prepared pleadings violates those rules, as well as interferes with this Court's ability to administer justice and control its docket. Jemsek Clinic, P.A., 441 B.R. at 786-87. Moreover, counsel was warned, repeatedly, to correct his conduct but failed to comply. Id.

> The mandates of due process ordinarily require that a court provide notice and an opportunity to be heard before the court imposes any type of sanction. The process due to a [lawyer] will differ depending on the circumstances of the case but generally requires that a [lawyer] receive notice that the court is considering sanctions against him, the specific conduct considered sanctionable, and, if possible, the authority for imposing the sanctions. The court need not provide prior notice of the specific authority of the sanction, however, where notice is given to the [attorney] of the specific conduct subject to sanctions and the applicable standard with which the [attorney] was required to comply.

Bowers v. University of Virginia, 2008 WL 2346033 **6 (W.D.Va. 2008) (internal citations omitted). The Fourth Circuit has not adopted a requirement of particularized notice before sanctions may be imposed. In

re Cohen, 1997 WL 577583 (4th Cir. 1997). Moreover, here counsel has been clearly on notice based on the Magistrate Judge's prior warnings in which he was specifically instructed to file proper supporting briefs. In re De Ville, 361 F.3d 539, 549 (9th Cir. 2004). The Magistrate Judge also previously explained to counsel that the Court has the inherent authority to impose sanctions for the repeatedly described offending conduct. [Doc. 25]. Indeed, counsel's Objections clearly show that he is on notice that his behavior has offended the Court, but he has steadfastly failed to alter his conduct. [Doc. 36].

The Court finds that a sanction pursuant to its inherent powers is necessary to remedy this current injury to the Court and the possibility of future injury to clients. Counsel is therefore ordered to attend eight hours of continuing legal education courses on the subject of the practice of social security litigation in federal court within six months of this decision. Chambers, 501 U.S. at 57 (discipline should be tailored to curtail the attorney's particular misconduct); Petrisch v. JP Morgan Chase, 789 F.Supp.2d 437, 456 (S.D.N.Y. 2011) (sanctioning attorney by requiring continuing legal education). The courses must be approved by the North Carolina Board of Continuing Legal Education and must be conducted in a

live classroom format.  Id.  On or before six months from entry of this Order, counsel shall submit proof of the attendance of such courses, including copies of the certificates of attendance for each course.  Id.

The Court takes care to note that the disposition of the Plaintiff's case was considered separately and apart from the Court's determination that counsel should be sanctioned.  Specifically, the Court does not dismiss the Plaintiff's case because counsel failed to properly file a motion for the receipt of new evidence.  The Magistrate Judge's review of the ALJ's decision was factually and legally accurate and no specific objections to that recommendation were made.  The sanction entered here is solely in regard to counsel's willful, bad faith refusal to follow the Court's instructions to file a motion for the receipt of new evidence supported by a legally appropriate memorandum of law.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 36] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 35] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 33] is hereby **GRANTED** and the Plaintiff's

Motion for Summary Judgment [Doc. 29] is hereby **DENIED.**

 **IT IS FURTHER ORDERED** that the Plaintiff's Motion to Receive New and Material Evidence and Remand the Case [Doc. 38] is hereby **DENIED** as moot.

 **IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

 **IT IS FURTHER ORDERED** that V. Lamar Gudger III is hereby **ORDERED** to attend eight hours of continuing legal education courses on the subject of the practice of social security litigation in federal court within six months of this decision.  The courses must be approved by the North Carolina Board of Continuing Legal Education and must be conducted in a live classroom format. On or before six months from entry of this Order, V. Lamar Gudger III shall submit proof of the attendance of such courses, including copies of the certificates of attendance for each course.

 The Clerk of Court is instructed to enter Judgment.

Signed: February 13, 2013

Martin Reidinger
United States District Judge